IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL WALI MUHAMMAD, f/k/a | ) | |
| ERIC P. SAUNDERS, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| v. | ) | No. 17-cv-6558 |
| | ) | |
| CHANCELLOR BENNETT, | ) | |
| known as "CHANCE THE RAPPER," | ) | Jury Demanded |
| and CHANCE THE RAPPER, LLC | ) | |
| | ) | |
|      Defendants. | ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Now comes the Plaintiff, Abdul Wali Muhammad f/k/a Eric P. Saunders ("Muhammad"), through his undersigned attorneys, and maintains the following Complaint for Copyright Infringement against the Defendants, Chancellor Bennett, known as "Chance the Rapper" ("Chance"), and Chance the Rapper, LLC, stating as follows:

### INTRODUCTION

This is an action for copyright infringement. The Plaintiff, Muhammad, is a composer and jazz musician. Muhammad composed and owns registered copyrights on the composition to a song named "Bridge Through Time." Chance sampled a significant portion of that song in Chance's song "Windows." Chance did not have permission from Muhammad to use any portion of Muhammad's copyrighted song. Chance's actions constitute copyright infringement. This Complaint seeks damages from Chance, and from his company established to license Chance's merchandise and to promote Chance's concerts and other performances, for Chance's blatant and willful infringement of Muhammad's copyright.

1

## PARTIES

1.      Plaintiff, Muhammad, was formerly known as Eric P. Saunders.  He legally changed his name to Abdul Wali Muhammad in 1985.   Muhammad is a resident of Brewster, New York.

2.      Defendant, Chance, is a resident of the City of Chicago, Illinois.

3.      Defendant, Chance the Rapper, LLC, is an Illinois limited liability company, with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

4.      This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*. The Court has subject matter jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400 because Defendant, Chance, resides in this District, Chance the Rapper, LLC does business in this District, both Defendants may be found in this District, and both Defendants are subject to personal jurisdiction in this District.

## CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

6.      Plaintiff, Muhammad, is a jazz musician, composer and lawyer.  Muhammad has performed with various musical artists including Brook Benton, Jean Carn, Freddie Hubbard, Taj Mahal, Norman Connors, Donny Hathaway, Bobbi Humphrey, Melvin Van Peebles, Noel Pointer, Lonnie Liston Smith, Peter Tosh, Marcus Miller, and Stanley Turrentine.  He has scored for television, and was bandleader for the Broadway musical "Mule Bone."  Muhammad is also the recipient of the ASCAP Songwriters Award. In addition, Muhammad is an attorney practicing criminal and civil rights law in New York State, the U.S. District Court and the U.S. Court of Appeals.

7.      Muhammad composed the song "Bridge Through Time."  Muhammad is the owner of U.S. Copyright Registration No. PAu 107-461, entitled "Bridge Through Time," which was registered May 21, 1979 (the "Copyright").  The Copyright is for the composition for the song. A true and correct copy of the Copyright registration is attached hereto as Exhibit "A."   A true and correct copy of the deposit copy of the Copyright is attached hereto as Exhibit "B."

8.      Muhammad is also the owner of U.S. Copyright Registration No. PA 78-599, entitled "Bridge Through Time" and registered June 23, 1980 and U.S. Copyright Registration No. PA 89-268, entitled "Bridge Through Time" and registered November 3, 1980.  True and correct copies of the Copyright Registrations for PA 78-599 and PA 90-268 are attached hereto as Exhibits "C" and "D", respectively.  Muhammad's copyright registrations, Exhibits "A", "C" and "D" are collectively referred to herein as the "Copyright."

9.      The song, "Bridge Through Time," has been performed by several artists such as, for instance, Lonnie Liston Smith. The song is, and at all relevant times was, accessible through numerous websites, including but not limited to YouTube.  Two examples of the song "Bridge Through Time" are available at https://www.youtube.com/watch?v=9MHSQFGikOo, and https://www.youtube.com/watch?v=chE_0KhiWGY.

10.     Chance is a recording artist.  Chance wrote and performed a song entitled "Windows." Chance's song "Windows" is available online on numerous sites, including Soundcloud and many     others.         Chance's     song     "Windows"     may     also     be     heard     at https://www.youtube.com/watch?v=76-7RoeWWw0.

11. Chance took a portion of the song "Bridge Through Time," and reused it in his song "Windows."

3

12.     Chance took a substantial majority portion of the song "Bridge Through Time," and reused it in his song "Windows."

13.     Chance has never requested permission from Muhammad to allow Chance to use any portion of Muhammad's copyrighted song, "Bridge Through Time."

14.     Muhammad has never granted permission for Chance to use any portion of Muhammad's copyrighted song, "Bridge Through Time," in Chance's song "Windows."

15.     Chance has infringed Muhammad's Copyright through Chance's unauthorized use, distribution and public display of Chance's song "Windows."

16.     Muhammad first became aware of Chance's infringement of Muhammad's Copyright in and around April 2017.  Shortly thereafter on May 18, 2017, Muhammad's attorney wrote to Chance's attorney about Chance's infringement of the Copyright.  That letter also requested that Chance take all measures to cease further infringement of the Copyright. A true and correct copy of the May 18, 2017 letter is attached hereto as Exhibit "E".

17.     Chance's copyright infringement was willful. Chance knew that he did not have permission to use any part of Muhammad's copyrighted song, yet he used a significant portion of "Bridge Through Time" in his song "Windows." Chance also distributed his song "Windows" knowing of the infringement, or acting in willful disregard for whether the song was the subject of the Copyright.

18.     Further, Chance failed and refused to take any action to halt access to the infringing song after specifically being advised of the infringement.

19.     On information and belief, Chance is the sole member (owner) and manager of Chance the Rapper, LLC.

20.     Chance the Rapper, LLC possesses the exclusive right to use, and authorize the use of, Chance's name, logos, likenesses, trademark and all other indicia of Chance, including the right to promote and sell tickets to concerts and other performances.

21.     Chance the Rapper LLC also licenses the sale of merchandise, including the sale of merchandise related to Chance's album "10 Day," which contains the song "Windows."

22.     Chance the Rapper LLC has received profits from the marketing, promotion and sale of merchandise, performances, tickets to concerts and other performances as a result of Chance's infringement of the Copyright.

23.     Chance and Chance the Rapper LLC have received profits attributable to the infringement of Muhammad's Copyright.  The song "Windows" was popular and helped to elevate Chance's career, which in turn spawned concerts, concert sales, sales of merchandise and other sources of revenue. Such profits are recoverable pursuant to 17 U.S.C. § 504(a) and (b).

24.     Muhammad is entitled, at his election, to an award of statutory damages for the copyright infringement alleged herein pursuant to 17 U.S.C. § 504(c).

25.     Muhammad is further entitled to an increased award of statutory damages pursuant to 17 U.S.C. § 504(c)(2).

26.     Muhammad is also entitled to his attorney's fees and costs, pursuant to 17 U.S.C. §505, and as according to law.

27.     As a direct and proximate result of the foregoing acts and conduct, Muhammad has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Chance will continue to infringe Muhammad's rights in the Copyright.  Muhammad accordingly is entitled to

preliminary and permanent injunctive relief to restrain and enjoin Chance's continuing infringing conduct.

Wherefore, the Plaintiff, Abdul Wali Muhammad f/k/a Eric P. Saunders, requests that this Court enter judgment in his favor and against the Defendants, Chancellor Bennett, known as "Chance the Rapper" and Chance the Rapper, LLC, and enter the following relief:

A.      Enter a preliminary and subsequent permanent injunction against Defendants and anyone working in concert with them from copying, distributing, performing, selling or offering to sell Chance's song "Windows";

B.      As permitted under 17 U.S.C. § 503, impoundment of all recordings of Chance's song "Windows" and, at final judgment, destruction or other reasonable disposition of the all copies and files or other means by which the song "Windows" could be played or reproduced;

C.      For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to his infringement of Plaintiff's Copyright or, in Plaintiff's election, an award of statutory damages, including statutory damages for willful infringement;

D.      An award of Plaintiff's reasonable attorneys' fees;

E.      An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law; and

F.      Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

Respectfully submitted,


/s/ Mark D. Roth
Attorneys for Plaintiff


Mark Roth
Kenneth Hurst
ROTH FIORETTI, LLC
Roth Fioretti, LLC
311 S. Wacker Drive
Suite 2470
Chicago, IL 60606
(312) 922-6262
mark@rothfioretti.com
ken@rothfioretti.com


Eric L. Lane
GREEN PATENT LAW
7 Eldredge Place
Rye, NY 10580
(619) 818-6043
elane@greenpatentlaw.com